Cavanagh, J.
('concurring).
While I share the principles espoused by the dissent, because this Court’s review is confined to the record and to the evidence therein, I cannot conclude that the trial court abused its discretion in refusing to grant a new trial.
Kelly, J.
I respectfully dissent because the record shows a significant possibility that defendant may- be innocent. Consequently, the Court of Appeals majority did not clearly err when it held that the trial court abused its discretion in denying him a new trial.
This is a case in which there was no physical evidence that defendant committed the crime. After he was convicted, another person confessed to having done it. Law enforcement authorities destroyed evidence on which dna tests could have been performed that might have exonerated defendant. And judges considering his appeal have disagreed about whether a new trial should be granted.
Surely there are here facts and circumstances that justify a new trial. The destruction of the dna evidence is particularly troublesome in my view. Dna evidence has become a prominent tool in our search for the truth in the criminal justice system. For nearly three years, Congress has been considering the innocence protection act, which would create procedural *697 rules governing when law enforcement authorities could destroy dna evidence. The bill, written by Senator Patrick Leahy of Vermont, has attracted bipartisan support and seeks to prevent exactly what occurred in this case.
Unfortunately, defendant does not have the benefit of legislation that would have prevented the destruction of the physical evidence gathered from the crime scene. We remanded the case to the trial court for an evidentiary hearing to determine whether the destruction was ordered in bad faith. In August of 2002, the court concluded that there was no evidence of bad faith. I do not dispute this finding. But the fact that the evidence may not have been destroyed in bad faith makes this situation no less devastating to defendant, if he is actually innocent. He lost the possibility of exculpation.[1] A new trial could remedy the loss. At the least, should defendant again be convicted, it would be done with due regard for the newly discovered evidence that has been uncovered.
Michael Ronning has confessed to the crime. He has been convicted of other murders. Of course, he may be lying when he maintains that he killed Patty Rosansky. But I believe that a jury should make that determination.
As the decisions of the courts below show, reasonable minds can differ regarding the proper course of action in this case. However, in my judgment, every *698 thing considered, this is an instance where judges abuse their discretion when they refuse to grant relief. I agree with the Court of Appeals that defendant should have a new trial. The aggregation of facts and circumstances has created a very real possibility that an injustice has occurred.

 This is not a remote possibility. On June 17, 2003, in Macomb County, another Michigan prisoner was released from prison after being exonerated by dna evidence. Kenneth Wyniemko was wrongly convicted of robbery and rape in 1994, largely on the statements of witnesses and in the absence of physical evidence. Here, the case against defendant was based on similar evidence.